UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Titus Geer**, # 297406, | ) | **C/A No. 8:08-0380-CMC-BHH** |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| **State of South Carolina**, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

---

## *Background of this Case*

The petitioner is an inmate at the Livesay Correctional Institution[1] of the South Carolina Department of Corrections.  Information on the South Carolina Department of Corrections website (www.doc.sc.us) indicates that the petitioner is serving a fifteen-year sentence for trafficking in cocaine.  The petitioner's conviction was entered in the Court of General Sessions for Anderson County in 2003.

Information provided by the petitioner on pages 1-3 of the petition reveals that the petitioner on June 7, 2000, pled guilty to possession of crack cocaine with intent to distribute (Indictment No. 99-GS-04-0971) and trafficking in cocaine (Indictment No. 99-GS-04-2071) and was sentenced to concurrent terms of fifteen years.  On direct appeal, the South Carolina Court of Appeals affirmed the convictions in *State v. Geer*, Opinion No.

---

[1]The Livesay Correctional Institution was formerly known as the Northside Correctional Institution.

1

2002-UP-247 (S.C.Ct.App., April 2, 2002).  The petitioner has filed two applications for post-conviction relief.  Both applications for post-conviction relief were denied by the Court of Common Pleas for Anderson County.  The Supreme Court of South Carolina dismissed both appeals in the two post-conviction cases.

On page 3 of the petition, the petitioner refers to administrative remedies with respect to an "erroneous early release" by the South Carolina Department of Corrections and the petitioner's request for "street time" credit toward his sentence.  The petitioner indicates that he was denied relief by the SCDC and "at the Administrative Law Judge hearing level."

In the petition for writ of error *coram nobis* in the case at bar (Civil Action No. 8:08-0380-CMC-BHH), the petitioner raises four grounds.   Those grounds are: *(1)* involuntary guilty plea to a charge over which Court of General Sessions lacked subject matter jurisdiction; *(2)* denial of effective assistance of counsel; *(3)* illegal modification of sentence by South Carolina Department of Corrections; and *(4)* illegal detention resulting from SCDC's erroneous early release of the petitioner.  Although the petitioner is at the Livesay Correctional Institution, the petition for writ of *coram nobis* in the above-captioned case was mailed to the Clerk's Office from Fort Mill, South Carolina.  It is not clear whether the petitioner actually prepared the petition or whether the petitioner was assisted by others outside of his prison.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and the Prison Litigation Reform Act. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*,

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The petitioner, as a state prisoner, cannot bring a *coram nobis* action in federal court because the writ of error *coram nobis* has been abolished. *See* Fed. R. Civ. P. 60(b); *Lowery v. McCaughtry*, 954 F.2d 422, 423-424 (7th Cir.), *cert. denied*, 506 U.S. 834 (1992); and *Mosbarger v. Superior Court of Contra Costa*, 1995 WESTLAW® 743721 (N.D. Cal., Dec. 8, 1995).[4]

Although some federal courts have ruled that petitions for writs of *coram nobis* may still be heard, petitioners in such cases must have completed their *federal* sentence(s) or extraordinary circumstances must exist. *See United States v. Hansen*, 906 F. Supp. 688 (D.D.C. 1995); and *United States v. Mandel*, 672 F. Supp. 864 (D. Md. 1987), *affirmed*, 862 F.2d 1067 (4th Cir. 1988), *cert. denied*, 491 U.S. 906 (1989). No extraordinary circumstances exist for the petitioner in the above-captioned case. *See also* Fed. R. Civ. P. 60(b) ("Writs of coram nobis, coram vobis, audita querela, and bills of

---

[4]In any event, the petitioner has filed his petition for a writ of error *coram nobis* in the wrong court. A petition for writ of error *coram nobis* is to be filed in the court in which the judgment was rendered. *See Lowery v. McCaughtry*, 954 F.2d at 423; and *Mosbarger v. Superior Court of Contra Costa*, 1995 WESTLAW® 743721, at *1 n. 2.

review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.").

The petitioner's remedy for his convictions is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 or pursuant to 28 U.S.C. § 2241.  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)).  *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241).  Hence, in a separate order, the undersigned has directed the Office of the Clerk of Court to send Section 2254 forms to the petitioner.[5]

## *Recommendation*

Accordingly, it is recommended that the petition for writ of error *coram nobis* be dismissed *without prejudice and without requiring the respondent to file a return*.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C.

---

[5]Since the petitioner has no prior Section 2254 actions in this district court, it is not necessary for the court to treat the above-captioned case as a petition for writ of habeas corpus.  *Cf. United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

§ 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. *Cf. Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."). The petitioner's attention is directed to the important notice on the next page.

March 3, 2008                          s/Bruce Howe Hendricks
Greenville, South Carolina             United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

  The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

  Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

  **Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).